UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| THOMAS ANDREW CENSKE, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:09-cv-83 |
| | ) |
| v. | ) HON. GORDON J. QUIST |
| | ) |
| COUNTY OF CHIPPEWA, et al., | ) |
| | ) **OPINION** |
| Defendants. | ) |
| | ) |

This is a civil rights action brought by a prisoner in the Newaygo County Jail pursuant to 28 U.S.C. § 1345. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.       Factual Allegations

Plaintiff Thomas Andrew Censke #10929-040, formerly MDOC #484602, an inmate at the Newaygo County Jail, filed this *pro se* civil action against Defendants Chippewa County and Sheriff Unknown Moran. Plaintiff states that Chippewa County is currently constructing an addition to double the capacity at the Chippewa County Correctional Facility (URF). Plaintiff claims that he is concerned about the environmental impact of this construction. Plaintiff has made a request under the Michigan Freedom of Information Act (FOIA) for the environmental impact statement (EIS) for this project. Plaintiff seeks injunctive and declaratory relief, as well as $500 in punitive damages.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff has made a request under the Michigan Freedom of Information Act (FOIA) for the environmental impact statement (EIS) for the prison expansion project at URF. However, Michigan's FOIA expressly does not permit prisoners to request governmental information. MCL 15.231 (applies to "all persons, except those persons incarcerated in state or local correctional

facilities"). As a prisoner, Plaintiff is excluded from the rights afforded to others under the Michigan FOIA. *Brown v. City of Detroit*, 2007 WL 1796228 (E.D. Mich. 2007) (unpublished).

In addition, Plaintiff has failed to allege any specific facts showing that the named Defendants violated any federal law, including 28 U.S.C. § 1345. Therefore, because Plaintiff has no right to information under the FOIA, and is unable to show any violation of federal law by either of the named Defendants, his complaint is properly dismissed.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: June 1, 2009                                  /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE